Opinion Issued August 30, 2007









In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00469-CR






CHRISTOPHER DARNELL BENJAMIN, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause No. 1029285





MEMORANDUM OPINION


 Christopher Darnell Benjamin pled not guilty to sexual assault. A jury
convicted appellant and assessed punishment at 18 years in prison. On appeal,
appellant contends (1) trial counsel rendered ineffective assistance, and (2) the
evidence is legally and factually insufficient to support the verdict. We affirm.

Background The 18-year-old complainant and a friend went to a party where complainant
became so intoxicated she passed out. In complainant's account of the events, she
awoke to discover she was in appellant's apartment. Complainant found herself
undressed from the waist down. Appellant was naked and on top of her. Appellant
penetrated complainant's vagina with his penis. Complainant tried to push appellant
off of her, cried, said it hurt, and asked him to stop. Appellant refused, stating, "Shut
up, bitch. I'm rolling." Appellant's roommate, Ricky Ramirez, watched the entire
incident.

 When appellant finally got off of complainant, she put on her pants and tried
to leave. Appellant and Ramirez blocked the exit, refusing to let her leave. When
appellant and Ramirez were distracted, complainant climbed out a window, leaving
her panties and shoes behind. 

 Deputy David Peterson of the Harris County Sheriff's Department saw
complainant walking down the road around 3:00 a.m., barefoot and crying. Passers-by Stephen Angelle and Jessica Odale saw the deputy and complainant on the side of
the road, felt concern for complainant's safety, and stopped. Odale described
complainant as "freaking out and crying and scared." That night, complainant
identified appellant as her assailant and also showed officers the apartment in which
the assault occurred. (1) Complainant again identified appellant in a photo line-up and
at trial.

 Officers collected complainant's clothes and retrieved several articles from
appellant's apartment for DNA testing. DNA testing failed to corroborate
complainant's allegations. 

 Ineffective Assistance of Counsel

 To prevail on a claim of ineffective assistance of counsel, appellant must show
(1) trial counsel's performance was deficient, i.e., counsel's performance fell below
an objective standard of reasonableness, and (2) a reasonable probability exists that,
but for counsel's deficiencies, the result of the proceeding would have been different. 
Strickland v. Washington, 466 U.S. 668, 687, 693, 104 S. Ct. 2052, 2064, 2067-68
(1984); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). Because the
reviewing court must indulge a strong presumption that counsel's conduct falls within
the wide range of reasonable professional assistance, appellant must overcome the
presumption that, under the circumstances, the challenged action "might be
considered sound trial strategy." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.

 Any allegation of ineffectiveness must be firmly founded in the record, which
must demonstrate affirmatively the alleged ineffectiveness. Thompson, 9 S.W.3d at
813 (citing McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996)). We
will not speculate to find trial counsel ineffective when the record is silent on
counsel's reasoning or strategy. Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.--Houston [1st Dist.] 2000, pet. ref'd). In rare cases, however, the record can
be sufficient to prove that counsel's performance was deficient, despite the absence
of affirmative evidence of counsel's reasoning or strategy. Robinson v. State, 16
S.W.3d 808, 813 n. 7 (Tex. Crim. App. 2000). 

 Appellant contends trial counsel was ineffective by (1) failing to obtain rulings
on pretrial motions, (2) failing to call Ramirez to testify, (3) failing to object to expert
testimony, and (4) failing to object to the State's voir dire and closing argument. 
Appellant did not pursue a motion for new trial hearing and no evidence establishes
the basis for counsel's actions.

 First, appellant contends counsel was ineffective in failing to obtain rulings on
pretrial motions. (2) However, he fails to show that any of the pretrial motions were
meritorious. See Jackson v. State, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (to
prevail on ineffective assistance claim based on failure to file a motion to suppress
evidence, appellant must show motion would have been granted); see also Roberson
v. State, 852 S.W.2d 508, 510-11 (Tex. Crim. App. 1993) (appellant must show
pretrial motion had merit and that ruling would have changed the outcome of the case
before counsel will be considered ineffective in failing to assert the motion). Without
a showing that rulings on the motions would have changed the outcome of the case,
appellant cannot establish ineffective assistance of counsel for failure to obtain a
ruling on pre-trial motions. Magic v. State, 217 S.W.3d 66, 74 (Tex. App.--Houston
[1st Dist.] 2006, no pet.). 

 Appellant argues that his case is distinguishable from those cases failing to find
counsel ineffective for not filing or obtaining rulings on pretrial motions because
counsel never consulted with appellant regarding why he had not obtained rulings on
the various motions. (3) The record fails to support this assertion. With no record of the
reasoning behind counsel's failure to obtain rulings on various pre-trial motions, and
no showing that any motion would have been granted, we cannot conclude counsel's
performance was deficient. See Rylander v. State, 101 S.W.3d 107, 110-11 (Tex.
Crim. App. 2003).

 Second, appellant argues counsel was ineffective in failing to call Ramirez as
a witness. To prevail, appellant must show that Ramirez was available to testify and
that his testimony would have been of some benefit. Ex parte White, 160 S.W.3d 46,
52 (Tex. Crim. App. 2004); Holland v. State, 761 S.W.2d 307, 319 (Tex. Crim. App.
1988) ("Absent a showing by appellant that he would have benefitted from the
testimony, the decision not to call witnesses at either stage of trial does not raise the
spectre of ineffective assistance."). Appellant argues alternatively that counsel
should have requested a continuance for time to find and subpoena Ramirez. 
However, appellant fails to show that he would have benefitted from Ramirez's
testimony had the trial been delayed to obtain it. See White, 160 S.W.3d at 52. 

 Third, appellant suggests counsel was ineffective for failing to object to
Anthony Williams' testimony that, as a social worker employed at the hospital, he
gave complainant the "proper information" before she made a decision to have a
sexual assault exam. Appellant contends Williams was not qualified to determine
what the "proper information" would be for making such a decision.

 A person who has professional social work training and experience can testify
as both a lay and an expert witness. See Harnett v. State, 38 S.W.3d 650, 659 (Tex.
App.--Austin 2000, pet. ref'd) (holding that social worker was permitted to testify
under Rule 701 based on her personal observations of defendant and under Rule 702
based on her training and experience). Williams explained how he provided
complainant with information to help her decide whether to have a sexual assault
exam performed.

 For appellant to show ineffective assistance for failure to object to unqualified
expert testimony he must demonstrate the trial court would have erred in overruling
an objection if made. Vaughn v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996). 
 Appellant has not made this showing on the record before this Court.

 Fourth, appellant claims counsel failed to object to what he purports was a
misstatement of the law during voir dire and a comment on his failure to testify
during closing argument. During voir dire, the State mentioned that "victims under
the law have very few rights, if any, and none under the Constitution." Appellant
cites no authority to support his contention that this was a misstatement of the law,
and references only "Texas' Rape Shield laws" as an example of victims' rights. See
Tex. R. Evid. 412 (regarding evidence of previous sexual conduct in criminal cases). 
The State's comment does not conflict with Rule 412, as it merely references victims'
rights as "few," and not as nonexistent. 

 Appellant also contends that the State commented on his failure to testify
during closing argument. The State argued:

 What you do know is there is semen on her pants and you know from
everything else that she told you the only witness in that room who can tell
you, who was here to tell you because the officers did talk to Ramirez. You
heard Officer Jenkins say that. And the defense has the same subpoena power
the State does. Don't let them tell you that Ramirez could have come. Don't
speculate on what they could have done because they have rights. They have
the right to bring witnesses to you.


A prosecutor's statements constitute a comment on the failure of a defendant to testify
when the language used was manifestly intended or was of such a character that the
jury would necessarily and naturally take it as a comment on the defendant's failure
to testify. Bustamante v. State, 48 S.W.3d 761, 765 (Tex. Crim. App. 2001). 
Language that can reasonably be construed to refer to a failure to present evidence
other than from the defendant's own testimony does not amount to a comment on the
failure to testify. Swallow v. State, 829 S.W.2d 223, 225 (Tex. Crim. App. 1992).

 From the context of this argument, it appears the State was referencing
Ramirez, and not appellant, when it argued complainant was the only witness who
could tell the jury what happened. Further, an attorney must be free to choose not to
make an objection even when a legal basis exists for doing so. McKinny v. State, 76
S.W.3d 463, 473 (Tex. App.--Houston [1st Dist.] 2002, no pet.).

 We presume counsel had a plausible reason for all his actions. Thompson, 9
S.W.3d at 814; see Rylander, 101 S.W.3d at 110. We hold appellant has failed to
establish that counsel's actions fell below an objective standard of reasonableness. 
Thompson, 9 S.W.3d at 812. Additionally, we hold appellant has failed to show a
reasonable probability that, but for the errors he alleges, the result of the proceeding
would have been different. Id. We overrule issue one.

Legal Sufficiency of the Evidence


 Appellant contends in his second issue that the evidence is legally insufficient
to establish that he placed his penis in complainant's vagina. He asserts the failure
of DNA testing to link him to the assault supports his contention. 

 When evaluating the legal sufficiency of the evidence, we view it in the light
most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175
S.W.3d 795, 798 (Tex. Crim. App. 2005). The standard is the same for both direct
and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703 (Tex. Crim.
App. 1995). We do not weigh any evidence, or evaluate the credibility of any
witnesses, as this was the function of the trier of fact. Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999); Adelman v. State, 828 S.W.2d 418, 421 (Tex. Crim.
App. 1992). Instead, our duty is to determine whether both the explicit and implicit
findings of the trier of fact are rational by viewing all the evidence admitted at trial
in the light most favorable to the verdict. See Adelman, 828 S.W.2d at 422. In so
doing, any inconsistencies in the evidence are resolved in favor of the verdict. 
Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991).

 Viewing the evidence in a light most favorable to the verdict, the evidence
shows complainant identified appellant as her assailant and specifically testified that
he placed his penis inside her vagina without her consent. See Tinker v. State, 148
S.W.3d 666, 669 (Tex. App.--Houston [14th Dist.] 2004, no pet.) (citing Garcia v.
State, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978) (holding that victim's testimony
is sufficient to prove sexual contact occurred despite no physical evidence)). We
determine a rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt. Jensen v. State, 66 S.W.3d 528, 534 (Tex.
App.--Houston [14th Dist.] 2002, pet. ref'd) (testimony of a victim, standing alone,
is sufficient to support a conviction for sexual assault); see also Satterwhite v. State,
499 S.W.2d 314, 315 (Tex. Crim. App. 1973) (victim's testimony that appellant
placed "his male organ into her private parts" was sufficient to sustain conviction). 
We overrule issue two. 

Factual Sufficiency of the Evidence


 Appellant's third issue challenges the factual sufficiency of the evidence. 
When conducting a factual sufficiency review, we view all of the evidence in a
neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set
aside the verdict only if (1) the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or (2) the verdict is against the great weight and preponderance
of the evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). We
cannot conclude that the evidence is factually insufficient simply because we disagree
with the verdict. See Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006);
King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). As the determiner of the
credibility of the witnesses, the fact finder may choose to believe all, some, or none
of the testimony presented. Cain v. State, 958 S.W.2 d 404, 407 n.5 (Tex. Crim. App.
1997).

 An opinion addressing factual sufficiency must include a discussion of the
most important and relevant evidence that supports the appellant's complaint on
appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); but see Roberts
v. State, 221 S.W.3d 659, 665 n. 11 (Tex. Crim. App. 2007). Moreover, an opinion
reversing and remanding on factual insufficiency grounds must detail all the evidence
and clearly state why the finding in question is factually insufficient and under which
ground. Goodman v. State, 66 S.W.3d 283, 286-87 (Tex. Crim. App. 2001); Johnson,
23 S.W.3d at 7.

 Viewing the evidence in a neutral light, we consider appellant's argument that
complainant's testimony should be disregarded because she was inebriated at the time
of the assault. However, the jury was entitled to believe complainant's testimony
despite her intoxication. See Vasquez v. State, 67 S.W.3d 229, 237 (Tex. Crim. App.
2002); Cain, 958 S.W.2d at 409. Further, although the DNA evidence failed to
corroborate appellant's guilt, it likewise does not weigh against the verdict. "The
lack of physical or forensic evidence is a factor for the jury to consider in weighing
the evidence." Lee v. State, 176 S.W.3d 452, 458 (Tex. App.--Houston [1st Dist.]
2004), aff'd, 206 S.W.3d 620 (Tex. Crim. App. 2006). After neutrally examining all
the evidence, we find the proof of guilt is not so weak that the verdict is clearly wrong
or manifestly unjust nor is the verdict against the great weight and preponderance of
the evidence. See Vasquez, 67 S.W.3d at 238-39. We overrule issue three.

 We affirm the judgment of the trial court.

 


 Davie Wilson (4)

 Justice




Panel consists of Justices Alcala, Hanks, and Wilson.


Do not publish. See Tex. R. App. P. 47.2(b).






 
1. Complainant knew appellant through friends and had been around him before. 
She actually called him "C-Lo," the name by which she and her friends knew
appellant.
2. Appellant complains that counsel failed to obtains rulings on the following
motions: motion for speedy trial, motion to suppress evidence, motion for
notice and to suppress prior convictions, motion for production of evidence
favorable to the accused, and motion for discovery and inspection. Appellant
also complains that counsel did not obtain rulings on the following motions
filed pro se: motion to appear, motion to have written rulings made on all
motions filed by the defendant, and motion to quash the indictment. Counsel
did obtain rulings on other motions filed, including a motion for appointment
of an investigator, motion to arraign defendant outside presence of jury, and
motion for election as to punishment.
3. Specifically, appellant attempts to distinguish Hammond v. State, 942 S.W.2d
703 (Tex. App.--Houston [14th Dist.] 1997, no pet.), in which counsel was not
deemed ineffective for failure to file pretrial motions, and "Thomas v. State,
9 S.W.3d at 813, [in which] the court ruled that the decision not to pursue the
remaining motions could have been part of trial counsel's strategy. . . ." 
Appellant's citation actually references Thompson v. State, in which the Court
of Criminal Appeals determined the record was inadequate to support a finding
of ineffective assistance of counsel for failing to object to inadmissible
hearsay. 
4. The Honorable Davie Wilson, retired Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.