**Ronald Eugene MAGIC, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–93–00115–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

May 26, 1994.

Rehearing Overruled June 23, 1994.

Discretionary Review Refused
Sept. 21, 1994.

---

Allen Tanner, Houston, for appellant.

John B. Holmes, Jr., Kimberly Aperauch Stelter, Hans Nielsen, Harris, for appellee.

Before O'CONNOR, DUGGAN and HEDGES, JJ.

## OPINION ON MOTION
## FOR REHEARING

O'CONNOR, Justice.

We grant the State's motion for rehearing, withdraw our previous opinion, and substitute this one in its stead. We affirm.

Ronald Eugene Magic, the appellant, pled no contest to possession of a controlled substance (cocaine) pursuant to a plea bargain agreement. His punishment, enhanced by two prior felonies, was assessed at 25-years confinement. In five points of error, he appeals the trial court's denial of his motion to suppress, and the validity of his plea of no contest. The State's motion for rehearing is granted.

### Fact Summary

At 8:00 a.m. on August 11, 1992, two police officers were patrolling as part of a crackdown on narcotics known as "zero tolerance." The program focuses patrol units on high-crime areas. The officers saw the appellant and his brother walking down the center of a road for about 10 yards. About the time the

two men spotted the officers, the men cut across a small park on the end of the block. When they reached the other side of the park, on Patterson Street, the police stopped them and asked for a photo identification. When the two men could not produce any, the officers arrested them for violating a municipal ordinance that prohibits walking in the middle of the street when a sidewalk is available.[1] After arresting the appellant, the officers searched him and found a matchbox that contained two rocks of crack cocaine. The rocks tested positive for cocaine. The appellant was not charged with walking in the middle of the street; he was charged only with an offense relating to possession of cocaine.

### Probable cause to arrest

In points of error one and two, the appellant contends the trial court committed reversible error in overruling his motion to suppress because the officers did not have probable cause to arrest him for a traffic offense.

The appellant contends that to arrest him, and then conduct a search incident to that arrest, the State was required to show he violated TEX.REV.CIV.STAT. art. 6701d, § 81(a) (Vernon Supp.1994). That section provides: "Where sidewalks are provided it shall be unlawful for any pedestrian to walk along and upon an adjacent roadway."

The photographs of the street submitted by the defense show the roadway on which the appellant was walking is a street with open ditches on either side. The photographs show a concrete sidewalk on Eli Street on the north side of the street; the sidewalk covers only one-half of the block; and some of the sidewalk is broken and overgrown with weeds. The appellant testified he is handicapped and uses crutches or a cane.

The State contends there was a sidewalk where the appellant was walking, and thus the police had probable cause to arrest him for walking in middle of the roadway. The appellant contends there was no sidewalk in the area where he was walking, and, therefore, he did not violate the statute. He argues he was walking toward the nearest sidewalk when he was stopped by the police.

Both officers testified that the appellant and his brother were walking on Eli Street toward Patterson Street when they saw them. About the same time they saw them, the appellant and his brother left the street, crossed the park, and came out on Patterson. The officers arrested them when they reached Patterson.

Officer Ronald Davison identified the place the brothers were walking in the street on a crude, hand-drawn map. The officer placed an "A" and "B" at the place they were walking in violation of the statute. That spot indicates the brothers were walking in the street just after the place where the sidewalk began. If the officer's mark on the map is correct (the map was not drawn to scale), the appellant would have had to cross a ditch to get to the sidewalk, and then cross the park. Officer Oscar Ortegon was asked a direct question, whether the appellant crossed the ditch to get to the park, but he could not recall there being a ditch. Ortegon added that the appellant and his brother were halfway by the park when he observed them. The appellant contends he could not cross the ditch because of his leg injury. He argues he crossed the driveway of a commercial establishment to get to the sidewalk, then crossed through the park. The driveway of the commercial establishment is the only way to get to the sidewalk without going through the ditch.

---

1. Presumably, the ordinance was for the city of Houston. The only testimony about the location of the arrest was that it was in Harris County; neither officer testified it was inside the limits of the city of Houston. The officers said they stopped the appellant for violating a municipal ordinance, but the ordinance was not introduced into evidence. When the officers were asked by the prosecutor if they could also have arrested the two men for violating the Texas motor vehicle laws, the state statute cited in this opinion, the officers said they did not know. At the end of the hearing, the State asked the defense counsel to stipulate to the municipal ordinance, but he declined. The State then asked the court to take judicial notice of the municipal ordinance. The ordinance is not included in our record.

█ A police officer may make an arrest without a warrant if an offense is committed in his presence. TEX. CODE CRIM.P. art. 14.-01(b) (Vernon 1977). The test for probable cause for an arrest without a warrant is:

Whether at that moment the facts and circumstances within the officers' knowledge and of which (he) had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the (arrested person) had committed or was committing an offense.

Lunde v. State, 736 S.W.2d 665, 667 (Tex. Crim.App.1987) (quoting Beck v. Ohio, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964)). An appellate court should look at the totality of the circumstances to determine if there is a substantial basis for concluding that probable cause existed at the time of a warrantless arrest. Eisenhauer v. State, 754 S.W.2d 159, 164 (Tex.Crim.App.1988).

█ At the hearing on the motion to suppress, the trial judge is the sole fact finder, and, as such, may believe or disbelieve all or any part of any witness' testimony. Taylor v. State, 604 S.W.2d 175, 177 (Tex.Crim.App.1980); Santos v. State, 822 S.W.2d 338, 339 (Tex.App.—Houston [1st Dist.] 1992, pet.ref'd). It is the trial court's prerogative to believe the officer's version of the facts and to disbelieve the defendant's version. Stephenson v. State, 494 S.W.2d 900, 904 (Tex.Crim.App.1973); Lopez v. State, 663 S.W.2d 587, 591 (Tex.App.—Houston [1st Dist.] 1983, pet.ref'd). On appeal, we will not set aside a trial court's ruling on a motion to suppress unless the trial court abused its discretion. Maddox v. State, 682 S.W.2d 563, 564 (Tex.Crim.App.1985); Santos, 822 S.W.2d at 339; Barnes v. State, 870 S.W.2d 74, 77 (Tex.App.—Houston [1st Dist.] 1993, pet.ref'd).

█ An officer is authorized to stop a person who commits a traffic violation in the officer's presence. Armitage v. State, 637 S.W.2d 936, 939 (Tex.Crim.App.1982) (defective taillight); Ortega v. State, 861 S.W.2d 91, 95 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd) (driving without seat belt). The State was not required to prove beyond a reasonable doubt that the appellant violated article 6701d, § 81; the State was only required to prove the officers had probable cause to believe the appellant violated the statute. On this record, we find the officers had probable cause to believe the appellant was violating article 6701d, § 81.

We hold the trial court did not abuse its discretion in overruling the motion to suppress because the testimony and the evidence were in conflict. We overrule points of error one and two.

### Pretextual Arrest

In points of error three and four the appellant argues the trial court committed reversible error in overruling his motion to suppress where his pretextual arrest was made in violation of federal and state constitutional law.

An officer makes a pretextual stop occurs when he stops an individual for one offense only because the officer wants to investigate the individual for a different offense, i.e., an offense for which the officer does not have valid legal grounds to stop or arrest. Garcia v. State, 827 S.W.2d 937, 939–40 (Tex.Crim. App.1992); Vercher v. State, 861 S.W.2d 68, 72 (Tex.App.—Houston [1st Dist.] 1993, pet. ref'd).

In Garcia, the court held the pretext arrest doctrine was "no longer viable as a matter of fourth amendment jurisprudence" and adopted the following rule:

As long as an actual violation occurs, law enforcement officials are free to enforce the laws and detain a person for that violation, regardless of whatever the usual practices or standards of the local law enforcement agency are and regardless of the officer's subjective reasons for the detention. Thus, the appropriate limitation of an officer's discretion, under the Fourth Amendment, is the existence of a law and the actual commission of the offense; an officer's subjective intent is relevant only to a credibility determination of his stated reasons for stopping or arresting an individual.

Garcia, 827 S.W.2d at 944. Garcia held the pretext arrest doctrine is valid when challenged as violating the fourth amendment violations, but the court declined the doctrine

under the Texas Constitution. *Garcia,* 827 S.W.2d at 943 n. 8.

This Court recently analyzed the pretext arrest doctrine under the Texas Constitution in *Vercher,* 861 S.W.2d at 68:

> When a defendant is stopped, as any citizen might be, for violating a traffic law, and a not otherwise, improper seizure of contraband from the defendant takes place, the seizure is not "arbitrary" or "unreasonable," and is thus not forbidden by article I, section 9.

*Id.* at 73.

▮ Texas law requires the appellant to walk on the sidewalk where one is available. TEX.REV.CIV.STAT. art. 6701d § 81(a). Regardless of any hidden, subjective motives the police officers might have had regarding why they stopped the appellant, the fact is that police are free to stop individuals who are violating laws. *Vercher,* 861 S.W.2d at 73. Here, Officers Davison and Ortegon testified that the appellant was walking in the middle of the street where a sidewalk existed, and the trial court believed them. The stop was proper. Once arrested for violating the municipal ordinance, the officers had the authority to search the appellant. Searches of a person and the area within his immediate control are excepted from the requirement of a warrant when incident to the lawful arrest of such a person and otherwise proper in scope. *Rogers v. State,* 774 S.W.2d 247, 264 (Tex.Crim.App.1989); *see Tribble v. State,* 792 S.W.2d 280, 285 (Tex.App.—Houston [1st Dist.] 1990, no pet.). The seizure of the crack cocaine found on the appellant during the search was, therefore, proper. We overrule points of error three and four.

We do not need to address the appellant's fifth point of error (that asks us to consider his plea jurisdictionally defective if we hold he did not preserve his right to appeal), because we addressed the merits of his other points.