Ronald Eugene MAGIC, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–05–00497–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Sept. 14, 2006.

Lana Gordon, Houston, TX, for Appellant.

Ronald Eugene Magic, Huntsville, TX, pro se.

Charles A. Rosenthal, Jr., District Attorney–Harris County, Alan Curry, Assistant District Attorney, Houston, TX, for Appellee.

Panel consists of Justices KEYES, ALCALA, and BLAND.

## OPINION

EVELYN V. KEYES, Justice.

Without an agreed punishment recommendation, appellant, Ronald Eugene Magic, pleaded guilty to delivery of more than 200 but less than 400 grams of cocaine. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112 (Vernon 2003). The indictment contained two felony enhancement paragraphs, the first for burglary of a habitation, and the second for possession of a controlled substance. Appellant pleaded true to the burglary enhancement and not true to the possession enhancement. Following a pre-sentence investigation (PSI), the trial court found both enhancement paragraphs true, thus raising appellant's punishment status to that of an habitual offender,[1] and assessed punishment at 30 years' confinement. In two points of error, appellant contends that: (1) the evidence was insufficient to sustain the finding of true for the enhancement paragraphs and (2) he received ineffective assistance of counsel.

We affirm the conviction, but reverse and remand for a new punishment hearing.

## BACKGROUND

Appellant was indicted for delivering between 200 and 400 grams of cocaine to an undercover police officer on or about August 14, 2003. The indictment alleged one enhancement for felony burglary (cause number 459182) and one enhancement for felony possession of a controlled substance (cause number 640970). On January 24, 2005, appellant signed a written judicial confession without an agreed punishment recommendation. Appellant's confession was accompanied by his acknowledgment that he was admonished pursuant to article 26.13(d) of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN.

---

1. *See* TEX. PEN.CODE ANN. § 12.42 (Vernon Supp.2005).

art. 26.13(d) (Vernon 2003). A plea proceeding was held later that day. At the proceeding, appellant indicated that he would plead true to the burglary enhancement and not true to the possession, enhancement. Appellant then answered a series of questions from the trial court indicating that: (1) he was pleading guilty of his own free will; (2) he had received no promises in exchange for his guilty plea; (3) his attorney had satisfactorily answered all his questions; (4) he understood the proceeding; (5) no one had told him what his punishment would be; and (6) he understood that the trial court had yet to determine his sentence pending the completion and review of the PSI. The trial court found sufficient evidence to sustain appellant's plea of guilty but deferred making a formal finding until the sentencing proceeding.

The sentencing proceeding took place on April 18, 2005. At its outset, the trial court stated that the PSI had been prepared and presented to the court and asked whether the State or appellant wished to raise any objections. Both parties affirmatively stated that they had no objections to the PSI. Appellant, however, indicated that he wished to withdraw his guilty plea and dismiss his attorney. Appellant stated that his attorney had in effect tricked him into entering his confession by representing that confessing would make him eligible for deferred adjudication. Appellant also complained that his attorney failed to file motions requested by appellant and erroneously informed appellant that the trial court had denied various motions appellant had filed pro se. In support of his contentions, appellant filed a motion to appoint new counsel and a motion to withdraw his guilty plea. The trial court denied appellant's requests, entered a formal finding of guilt, found both enhancement paragraphs true, and assessed appellant's punishment at 30 years' confinement. Appellant timely appealed.

## DISCUSSION

*Sufficiency of Evidence to Sustain Finding of True as to Both Enhancement Paragraphs*

■ In his first point of error, appellant contends that the evidence was legally and factually insufficient to support the trial court's decision to find the enhancement paragraphs true.[2]

■ We review the legal sufficiency of the evidence by viewing the evidence in the light most favorable to the verdict to determine whether any rational fact finder could have found the essential elements of the crime beyond a reasonable doubt. *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex.Crim.App.2000); *King v. State*, 29

2. Although not briefed as a separate point of error, appellant also contends that the trial court erred by not admonishing him of the entire range of punishment he faced prior to accepting his guilty plea. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13 (Vernon Supp.2005). Appellant's contention is supported by the record, which indicates that although he received oral and written admonishments regarding the range of punishment in the event both enhancement paragraphs were found to be true, he did not receive any admonishments regarding the range of punishment if neither or only one enhancement paragraph was found to be true. *See Gonzales v. State*,

746 S.W.2d 902, 904 (Tex.App.-Corpus Christi 1988, no pet.) ("When a defendant pleads guilty to an indictment that alleges prior convictions for enhancement purposes, the accused should be admonished of the full ranges of punishment available through enhancement."). However, when the record indicates, as it does here, that "the defendant received an admonishment with respect to punishment, although not a complete one, there is a prima facie showing that the plea of guilty was knowingly and voluntarily made." *Id.* Here, appellant has failed to rebut the prima facie showing that his plea was entered knowingly and voluntarily.

S.W.3d 556, 562 (Tex.Crim.App.2000). In conducting a factual sufficiency review, we consider all of the evidence in a neutral light and determine whether the jury was rationally justified in finding guilt beyond a reasonable doubt. *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App.2004). There are two ways in which evidence may be factually insufficient. *Id.* at 484. First, the evidence supporting the verdict, standing alone, may be too weak to support the finding of guilt beyond a reasonable doubt. *Id.* Second, in a case where there is both supporting and contrary evidence, the contrary evidence may be so strong that the beyond-a-reasonable-doubt standard could not have been met. *Id.*

The State's inclusion of the enhancement paragraphs served to substantially increase appellant's range of punishment. A person with no felony enhancements who is convicted of delivering between 200 and 400 grams of cocaine may be assessed a prison sentence of no less than 10 years and no more than 99 years or life. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (e). While the maximum prison sentence remains constant at 99 years or life, the minimum prison term a defendant may receive increases to 15 years when one felony enhancement is found to be true. *See* TEX. PEN.CODE ANN. § 12.42(c)(1). When two felony enhancements are found to be true, as is the case here, a defendant found guilty of a felony may be assessed no fewer than 25 years' confinement. *Id.* § 12.42(d).

■ Before the State may use enhancement paragraphs to increase a defendant's range of punishment it must prove that they are true beyond a reasonable doubt. *See Williams v. State*, 980 S.W.2d 222, 226 (Tex.App.-Houston [14th Dist.]

1998, no pet.). When the State seeks to punish a defendant as an habitual offender, and thus includes two felony enhancement paragraphs in the indictment, the State must show that the defendant committed each successive felony after the prior conviction was final.[3] *See* TEX. PEN.CODE ANN. § 12.42(d) (Vernon Supp.2005). Here, the enhancement paragraphs read:

> Before the commission of the [primary offense], on March 31, 1987, in [cause number] 459182, in the 185th District Court of Harris County, Texas, the defendant was convicted of the felony of burglary of a habitation.

> Before the commission of the primary offense, and after the conviction in [cause number] 459182 was final, the defendant committed the felony of possession of a controlled substance and was finally convicted of that offense on February 5, 1993, in [cause number] 640970 in the 178th District Court of Harris County, Texas.

Thus, for the State to show that appellant was subject to punishment as an habitual offender it was required to show, beyond a reasonable doubt, that before commission of the primary offense appellant had been finally convicted in cause numbers 459182 and 640970. *See id.; Casey v. State*, 708 S.W.2d 914, 916 (Tex.App.-Houston [1st Dist.] 1986, pet. ref'd).

■ There are several ways the State may prove that a conviction is final and is true beyond a reasonable doubt. For instance, a defendant's plea of true to an enhancement paragraph provides legally and factually sufficient evidence to find the paragraph true beyond a reasonable doubt. *See Wilson v. State*, 671 S.W.2d 524, 525 (Tex.Crim.App.1984). When a

---

**3.** The Texas Court of Criminal Appeals has held that, for enhancement purposes, a conviction is not final until the appellate court issues its mandate affirming the conviction. *Beal v. State*, 91 S.W.3d 794, 796 (Tex.Crim. App.2002).

defendant pleads not true, the State typically introduces a defendant's pen packet accompanied by expert testimony from a fingerprint expert who testifies that the fingerprints in the pen packet match the defendant's. In addition, the contents of a PSI alone may be sufficient to prove an enhancement paragraph so long as the trial court takes judicial notice of the PSI, neither party objects to its accuracy, and the PSI is included in the appellate record. *See Montgomery v. State*, 876 S.W.2d 414, 415–16 (Tex.App.-Austin 1994, pet. ref'd).

■ Here, appellant contends that the State presented legally and factually insufficient evidence for the trial court to enter a finding of true as to both enhancement paragraphs contained in the indictment. We disagree with appellant's argument in respect to the enhancement paragraph reflecting cause number 459182. Appellant pleaded true to that paragraph. By virtue of his plea, the evidence was legally and factually sufficient to support the trial court's finding that the paragraph was true. *See Wilson*, 671 S.W.2d at 525. On appeal, a defendant who has pled true to an enhancement paragraph can contend that the evidence is insufficient to support the paragraph only when "the record affirmatively reflect[s] that the prior conviction should not have been used for enhancement purposes." *Mikel v. State*, 167 S.W.3d 556, 559–60 (Tex.App.-Houston [14th Dist.] 2005, no pet.) (quoting *Cruz v. State*, No. 01–00–00463–CR, 2001 WL 1168273, at *1 (Tex.App.-Houston [1st Dist.] Oct. 4, 2001, no pet.) (not designated for publication)). Because the record before us does not support such a claim, appellant cannot complain that the evidence was insufficient to support a finding of true as to the first enhancement paragraph.

■ Regarding the second enhancement paragraph, appellant's plea of "not true" required the State to present evidence proving beyond a reasonable doubt that appellant had been finally convicted in cause number 640970 prior to committing the primary offense. *See* TEX. PEN.CODE ANN. § 12.42(d); *Spiers v. State*, 552 S.W.2d 851, 852 (Tex.Crim.App.1977); *Williams*, 980 S.W.2d at 226. Absent such a showing, appellant could not be sentenced as an habitual offender. *See* TEX. PEN.CODE ANN. § 12.42(d). Appellant contends that the State failed to prove that he had been finally convicted in cause number 640970 prior to commission of the primary offense. We agree.

The record reflects that the only evidence introduced by the State to prove up appellant's conviction in cause number 640970 was a booking sheet containing the notation, "[received] written notice of appeal [for cause number] 640970." Thus, according to the State's own evidence, appellant's conviction in the second enhancement paragraph was on appeal at the time the primary offense was committed. Morever, the PSI report failed to reflect that appellant's conviction was final. As noted, a PSI report will suffice to prove an enhancement paragraph if the trial court takes judicial notice of the report, neither party objects to its accuracy, and the PSI report is included in the appellate record. *See Montgomery*, 876 S.W.2d at 415–16. Here, although each of these predicates is satisfied,[4] the report fails to indicate that

4. As noted, during the sentencing proceedings on April 18, 2005, the trial court stated that it had received and reviewed the PSI and asked the State and appellant whether they had any objections to its contents. No objections were raised. According to the Texas Code of Criminal Procedure, "When the judge assesses the punishment, he may order an investigative report ... and after considering the report, and after the hearing of the evidence herein-

appellant was finally convicted in cause 640970. Indeed, the report itself tends to suggest that appellant's conviction in cause 640970 was not final.[5] Because the PSI did not indicate that appellant had been finally convicted in cause 640970, appellant's failure to object to the report can be construed only as an admission that he was convicted at trial, and not as an admission that his conviction was final.

A review of our own records indicates that appellant was finally convicted in cause 640970 with a mandate issuing on November 2, 1995. *See Magic v. State*, 878 S.W.2d 309, 309 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). However, as we interpret the court of criminal appeals holding in *Turner v. State*, an appellate court "[cannot] look to records in *other cases* to supply factual deficiency in the case before it." 733 S.W.2d 218, 223 (emphasis added). Here, taking judicial notice of the final conviction in cause number 640970 would require us to look to another case, namely *Magic*, 878 S.W.2d at 309. In accordance with *Turner*, we decline to take such a step for the purposes of finding appellant's conviction in cause 640970 to be final, as doing so would impermissibly relieve the State of its burden to show the finality of appellant's conviction beyond a reasonable doubt. *See Sherman v. State*, 750 S.W.2d 855, 856–57 (Tex.App.-Houston [14th Dist.] 1988, no pet.).[6]

For the foregoing reasons, we conclude that the record fails to establish that ap-

pellant was finally convicted in cause number 640970 and hold that the evidence was legally insufficient to prove the finality of appellant's conviction in cause number 640970. We thus sustain appellant's first point of error as it pertains to the second enhancement paragraph.

### Ineffective Assistance of Counsel

In his second point of error, appellant contends that he received ineffective assistance of counsel.

We evaluate the effectiveness of counsel under the two-pronged test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Hernandez v. State*, 988 S.W.2d 770, 774 (Tex.Crim.App.1999). First, the defendant must show that his counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064. To prove this deficiency in representation, the defendant must demonstrate that his counsel's performance deviated from prevailing professional norms. *Id.* at 688, 104 S.Ct. at 2065; *McFarland v. State*, 845 S.W.2d 824, 842–43 (Tex.Crim.App.1992). Second, the defendant must show prejudice. *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064. This requires the defendant to show that there is a reasonable probability that but for his counsel's unprofessional errors the result of the proceeding would have been different. *Id.* at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the out-

---

above provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed." TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(d). Thus, we conclude that the trial court took judicial notice of the PSI by virtue of: (1) ordering the report; (2) announcing its receipt and consideration; and (3) holding a hearing at which each party was asked for its objections to the report. Appellant's PSI report is included in the appellate record.

**5.** The PSI report states that the cause was disposed on February 5, 1993. The booking sheet submitted by the State indicates that February 5, 1993 is the date that appellant filed his notice of appeal in cause 640970.

**6.** Moreover, the State has not requested that we take judicial notice of the mandate in cause 640970, nor has it included a copy of the mandate with the record.

come. *Id.* 466 U.S. at 694, 104 S.Ct. at 2068. The failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other. *See id.* at 697, 104 S.Ct. at 2069.

An appellant bears the burden of proving by a preponderance of the evidence that his counsel was ineffective. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex.Crim. App.1999). The appellant must overcome the presumption that his trial counsel's strategy was sound and must affirmatively demonstrate the alleged ineffective assistance of counsel. *Rylander v. State,* 101 S.W.3d 107, 110 (Tex.Crim.App.2003); *Thompson,* 9 S.W.3d at 814. We cannot speculate beyond the record provided; rather, a reviewing court must presume that the actions were taken as part of a strategic plan for representing the client. *Young v. State,* 991 S.W.2d 835, 837–38 (Tex.Crim.App.1999).

Although appellant cites eleven specific instances of ineffectiveness on the part of his trial attorney,[7] we need only consider the contentions appellant adequately briefed on appeal.[8] Moreover, because our disposition of appellant's first point of error compels us to remand the cause for a new punishment hearing, we need not consider appellant's contentions regarding the ineffectiveness of his counsel at punishment. Thus, we limit our review to those contentions adequately briefed by appellant and relating to the performance of counsel during the guilt-innocent phase of his case. These include appellant's claims that his trial counsel rendered ineffective assistance by failing to: (1) file any motions on appellant's behalf or to adopt the pro se motions filed by appellant; (2) obtain a determination that appellant was fit to stand trial; (3) make appellant aware of the fact that he was highly unlikely to receive deferred adjudication; and (4) withdraw from representing appellant upon appellant's request.

 At the outset, we note that the record is devoid of any explanatory information regarding the actions of appellant's counsel. In the absence of a proper evidentiary record, it is extremely difficult to show that trial counsel's performance was deficient and we must presume that his actions were taken as part of strategic plan for representing his client. *See Rylander,* 101 S.W.3d at 110–11 (record insufficient to support ineffective assistance of counsel claim where record was silent regarding reason counsel failed to call expert witness, failed to file pre-trial motions, and failed to adequately prepare witnesses); *Young,* 991 S.W.2d at 837–38; *Gibbs v. State,* 7 S.W.3d 175, 179 (Tex.App.-Houston [1st Dist.] 1999, pet. ref'd); *Mares v.*

---

7. The specific instances of ineffectiveness cited are:

1. Failing to investigate the facts, circumstances and defenses surrounding the offense;
2. Failing to file any motions;
3. Failing to adopt pro se motions;
4. Failing to advise appellant of the true status of motions with court;
5. Falsely advising appellant that the trial court had overruled his motions in order to induce a plea of guilty;
6. Failing to communicate with appellant;
7. Failing to pursue appellant's request to withdraw his guilty plea;
8. Failing to call witnesses at the PSI hearing;
9. Failing to have appellant make any oral or written statement in the PSI;
10. Overstating the likelihood of appellant's receiving deferred adjudication; and
11. Failing to withdraw from representing appellant after appellant filed a grievance with the Texas State Bar Association prior to the sentencing proceeding.

8. Tex.R.App. P. 38.1 (stating that appellant's brief must include a "clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").

*State*, 52 S.W.3d 886, 891 (Tex.App.-San Antonio 2001, pet. ref'd) (failure to file pretrial motions is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motions as part of his trial strategy).

■ With respect to appellant's specific contentions, trial counsel's failure to file pretrial motions is not per se ineffective assistance of counsel. *Bonilla v. State*, 740 S.W.2d 583, 586–87 (Tex.App.-Houston [1st Dist.] 1987, pet. ref'd). Unless appellant shows that the pretrial motion had merit and that a ruling on the motion would have changed the outcome of the case, counsel will not be ineffective for failing to assert the motion. *Jackson*, 973 S.W.2d at 957 (citing *Roberson v. State*, 852 S.W.2d 508, 510–12 (Tex.Crim.App. 1993)). Here, appellant made no such showing in regard to the motions his counsel failed to file or the pro se motions his counsel elected not to adopt.[9] Appellant also complains that his trial counsel falsely represented to him that he would be likely to receive deferred adjudication if he agreed to plead guilty. The record, however, does not support such a contention, and thus we must reject it. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim.App.1996).

■ Finally, although the record contains an assertion by appellant that he suffers from bipolar disorder, (1) he represented to the court that he fully comprehended the proceedings and (2) he filed several complex pro se motions revealing a deft understanding of the proceedings and various legal matters. Considering that a trial court is in a much better position to judge the competency of a defendant than

is an appellate court, we cannot say that appellant's counsel deviated from professional norms by not requesting a competency determination. *See LaHood v. State*, 171 S.W.3d 613, 619 n. 2 (Tex.App.-Houston [14th Dist.] 2005, no pet.).

Thus, based on our review of the record we are unable to say that the performance of appellant's trial counsel deviated from professional norms. *See Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064. Therefore, we overrule appellant's second point of error as it applies to the effectiveness of his counsel prior to the punishment hearing.

## CONCLUSION

We affirm the judgment of the trial court, which finds appellant guilty of possession of a controlled substance. Because we conclude that the record did not establish that appellant was finally convicted in cause number 640970, we reverse that portion of the judgment assessing punishment and remand for a new punishment hearing. *See* TEX.CODE CRIM. PROC. ANN. art. 44.29(b) (Vernon Supp.2005).

---

9. We further note that a trial court is under no obligation to consider pro se motions filed by a defendant represented by counsel. *See*

*Llano v. State*, 16 S.W.3d 197, 198 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd).