NO.
12-07-00201-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

PATRICK TAVIN HACK,    §                      APPEAL FROM THE SEVENTH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §                      SMITH COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Patrick
Tavin Hack appeals his four consecutive sentences of imprisonment for life that
he received following multiple convictions for sexual assault of a child.  In one issue, Appellant argues that the
evidence is insufficient to support his punishment and that his sentences
constitute cruel and unusual punishment. 
We affirm.

 

Background

            Appellant
was charged by indictment with four counts of sexual assault of a child.  The indictment further alleged that Appellant
had a prior conviction for aggravated sexual assault of a child.  Appellant pleaded “not guilty,” and the
matter proceeded to a jury trial. 
Ultimately, the jury found Appellant “guilty” as charged on all
counts.  Following a trial on punishment,
the jury found the enhancement paragraph to be “true” and assessed Appellant’s
punishment at imprisonment for life on each conviction.  The trial court sentenced Appellant
accordingly and ordered that Appellant’s life sentences run consecutively.  This appeal followed.

 

Evidentiary
Sufficiency for Sentence and Evidence Concerning Enhancement 








            In
his sole issue, Appellant contends that the evidence was not legally sufficient
to support his sentence.  But Appellant’s
sole issue is multifarious.  As part of
his sole issue, Appellant argues that the State failed to put forth sufficient
evidence to support his sentence as well as the finding of “true” with regard
to the enhancement paragraph alleging a prior conviction for aggravated sexual
assault of a child.

            We
review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact
finder could have found the essential elements of the crime beyond a reasonable
doubt.  See Wesbrook v. State,
29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29
S.W.3d 556, 562 (Tex. Crim. App. 2000); Magic v. State, 217
S.W.3d 66, 70 (Tex. App.–Houston [1st Dist.] 2006, no pet.).  In conducting a factual sufficiency review,
we must determine whether a neutral review of all the evidence, both for and
against the finding, demonstrates that the proof supporting the finding is so
obviously weak as to undermine our confidence in the jury's determination, or
the proof of the finding, although adequate if taken alone, is greatly
outweighed by contrary proof.  See
Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also
Watson v. State, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006). 

            The
State’s inclusion of the enhancement paragraph at issue served to substantially
increase Appellant’s punishment.  A
person with no felony enhancements who is convicted of sexual assault of a
child may be assessed a prison sentence of no less than two years and no more
than twenty years. See Tex. Penal
Code Ann. §§ 12.33(a), 22.011(f) (Vernon 2003 & Supp. 2007).  But where a jury makes a finding of “true”
that a defendant who has been convicted of sexual assault has also been
previously convicted of aggravated sexual assault, as is the case here, the
punishment is a mandatory life sentence. 
See Tex. Penal Code Ann.
§§ 12.42(c)(2)(A)(I), (c)(2)(B)(ii) (Vernon Supp. 2007).

            Before
the State may use enhancement paragraphs to increase a defendant’s range of
punishment, it must prove that the enhancement allegations are true beyond a
reasonable doubt. Magic, 217 S.W.3d at 70.  The enhancement paragraph at issue alleged as
follows:  

 

And it is further
presented in and to said Court that, prior to the commission of the aforesaid
offense, on the 20th day of October, 1993, in cause number 22831 in the 3rd
District Court of Anderson County, Texas, the defendant was convicted of the
felony offense of Aggravated Sexual Assault of a Child. 

 

Thus, for the State to show that
Appellant was subject to punishment as an habitual offender, it was required to
prove, beyond a reasonable doubt, that before Appellant’s commission of the
primary offense, Appellant had been finally convicted in cause number
22,831.  See id.  The State may prove that a conviction is
final and is true beyond a reasonable doubt when a defendant pleads “not true”
by introducing the defendant's pen packet accompanied by expert testimony from
a fingerprint expert who testifies that the fingerprints in the pen packet
match the defendant's.  Id. at
71.  

            Here,
the State relied on the testimony of Tyler Police Officer Jeff Callaway.  Callaway testified regarding his expertise in
the field of fingerprint identification. 
Callaway further testified that he had taken inked impressions of
Appellant’s fingerprints on card stock the previous day.  The card stock containing Appellant’s
fingerprints was admitted into evidence as State’s Exhibit No. 1.  Callaway next examined State’s Exhibit No.
2.  Callaway stated that Exhibit No. 2
was a judgment from a district court in Anderson County, Texas.  Callaway further stated that the last page of
Exhibit No. 2 contained an inked fingerprint impression, which, based on
his training and experience, he determined was Appellant’s fingerprint.  

            Appellant’s
counsel thereafter conducted a voir dire examination on Callaway.  During the voir dire examination, Callaway
testified that the print to which he compared the prints he personally took
from Appellant was imprinted on an order revoking Appellant’s community
supervision, and that this order bore the same cause number as Exhibit No.
2.  Callaway further conceded that he
could not compare the fingerprint on the revocation of community supervision
directly to the print on the original judgment. 
Following the voir dire examination, Appellant objected to the admission
of State’s Exhibit No. 2.  The trial
court overruled Appellant’s objection and admitted State’s Exhibit No. 2.

            Callaway
next testified that Exhibit No. 2 was a certified copy of a judgment of
conviction for aggravated sexual assault of a child on a guilty plea in cause
number 22, 831 in the 3rd Judicial District Court of Anderson County, Texas
styled “The State of Texas versus Patrick Tavin Hack.”  Callaway stated that the judgment in Exhibit
No. 2 showed the date of conviction as October 20, 1993.  Callaway explained that he matched Appellant’s
fingerprint to a judgment revoking Patrick Tavin Hack’s community supervision
in cause number 22,831, for which he was convicted of aggravated sexual assault
of a child.  Callaway further stated that
this judgment was taken in the 3rd Judicial District Court of Anderson County,
Texas.

            Considering
the foregoing evidence, we conclude that there was legally sufficient evidence
to support that Appellant, on October 20, 1993, in cause number 22,831 in the 3rd
District Court of Anderson County, Texas, was convicted of the felony offense
of aggravated sexual assault of a child. 
Furthermore, considering all of the evidence presented at Appellant’s
trial on punishment, we have not uncovered evidence that demonstrates that the
proof supporting the finding of “true” is so obviously weak as to undermine our
confidence in the jury’s determination, or otherwise, that the proof of the
finding of “true,” although adequate if taken alone, is greatly outweighed by
contrary proof.

            As
such, since Appellant’s life sentence comported with the punishment mandated by
the legislature, we will not disturb it on appeal.  See Gerhardt v. State, 935
S.W.2d 192, 196 (Tex. App.–Beaumont 1996, no pet.) (citing Jackson v.
State, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).[1]  To the extent that his sole issue relates to
sufficiency of punishment evidence, Appellant’s sole issue is overruled in
part.

 

Cruel and
Unusual Punishment

            As
part of his sole issue, Appellant also contends that the sentence imposed on
him constituted cruel and unusual punishment. 
However, since Appellant made no objection to the trial court raising
the issue of cruel and unusual punishment, he has waived such an issue on
appeal.  See Rhoades v. State,
934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (waiver with regard to rights under
the Texas Constitution); Curry v. State, 910 S.W.2d 490, 497
(Tex. Crim. App. 1995) (waiver with regard to rights under the United States
Constitution); see also Tex. R.
App. P. 33.1.  However, even
absent waiver, considering the serious nature of the offenses for which
Appellant was convicted and the sentences respectively assessed thereon, we
conclude that Appellant’s sentences were not unconstitutionally
disproportionate and, thus, did not constitute cruel and unusual
punishment.  See, e.g., Willis v.
State, 192 S.W.3d 585, 595–97 (Tex. App.–Tyler 2006, pet. ref’d); see
also Rummel v. Estell, 445 U.S. 263, 285, 100 S. Ct. 1133, 1145, 63
L. Ed. 2d 382 (1980).  The remainder of
Appellant’s sole issue is overruled.

 

Disposition

Having overruled Appellant’s sole
issue, we affirm the trial court’s judgment.

 

 

 

                                                                                                     SAM GRIFFITH    

                                                                                                              Justice

 

 

Opinion
delivered April 30, 2008.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)











[1] See also Bradfield v. State, 42
S.W.3d 350, 351 (Tex. App.–Texarkana 2001, pet. ref’d) (a review of the
evidence for factual sufficiency is inappropriate with respect to the
assessment of punishment).