Opinion issued February 5,
2009

 

 

 

 

 

                                                                        

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00627-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ANTHONY LOIS COLEMAN, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from the 263rd District Court

                                             Harris County, Texas      

Trial Court Cause No. 1151311








 



MEMORANDUM OPINION

           Anthony Coleman was
convicted of aggravated sexual assault, enhanced by a prior conviction of
aggravated sexual assault.  He pleaded not true to the enhancement, but the
trial court found it to be true, resulting in an automatic punishment of
confinement for life.  Coleman appeals his punishment, alleging that the
evidence was legally and factually insufficient to support the enhancement.  We
affirm.

Background

On the evening of March 13,
2003, D.M., a fifteen-year-old girl, was riding the bus home after visiting a
friend.  She fell asleep on the bus, but was awakened before her stop by
Coleman, who was also riding the bus.  She had never seen Coleman before, but
she was grateful that he had awakened her and that she had not missed her
stop.  D.M. and Coleman both got off of the bus near D.M.’s home, and Coleman
asked her if she smoked marijuana.  She said that she did, and he invited her
to go to a nearby park to smoke some with him.  D.M. told Coleman that she was
sixteen, even though she was really fifteen.  They walked through the park
together, but when they got to a dark, secluded area near a ditch, Coleman
pulled out a knife and orally and anally raped D.M.  As soon as Coleman was far
enough away, D.M. got up and ran to her grandmother’s house.  Doctors examined
D.M. at the Children’s Assessment Center and observed a laceration on her anus
consistent with blunt force trauma.  Doctors also administered a rape kit,
which showed sperm in D.M.’s anus, later determined to be a match to Coleman’s
DNA.

The jury found Coleman
guilty of aggravated sexual assault.  At the punishment phase, the State
introduced evidence that Coleman had previously been convicted of aggravated
sexual assault in 1993.  Coleman plead not true to the enhancement.  The State
introduced Coleman’s penitentiary (pen) packet from his prior conviction, which
included the judgment and sentence, fingerprints, a physical description, and a
photograph.[1] 
Deputy R. Schield testified for the State as a fingerprint expert.  The State
asked Schield if he had formed an opinion about whether the fingerprints in the
pen packet matched fingerprints taken from Coleman.  Schield testified that he
had formed such an opinion, but he never said what his opinion was and whether
the two sets of fingerprints were a match.  The trial court found the
enhancement to be true, and assessed punishment accordingly, giving Coleman an
automatic life sentence.

Discussion

Coleman contends on
appeal that the proof of the prior conviction is legally and factually
insufficient to support an enhanced sentence because Schield never testified
that the fingerprints in the pen packet matched Coleman’s fingerprints.  When
evaluating the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the offense beyond a reasonable
doubt.  Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979); Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005).  When
evaluating factual sufficiency, we consider all the evidence in a neutral light
to determine whether the jury was rationally justified in finding guilt beyond
a reasonable doubt.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We set the verdict aside only if (1) the evidence is so weak that
the verdict is clearly wrong and manifestly unjust or (2) the verdict is
against the great weight and preponderance of the evidence.  Johnson v.
State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

Before the State may use
an enhancement paragraph to increase a defendant’s range of punishment, it must
prove that it is true beyond a reasonable doubt.  Magic v. State, 217
S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2006, no pet.).  To establish that
a defendant has been convicted of a prior offense, the State must prove that
(1) a prior conviction exists, and (2) the defendant is linked to that
conviction.  Flowers v. State, 220 S.W.3d 919, 921 (Tex. Crim. App.
2007).  There are multiple ways the State may prove that a conviction is final
and is true beyond a reasonable doubt, including (1) a defendant’s admission or
stipulation, (2) testimony by a person who was present when the person was
convicted of the specified crime and who can identify the defendant as that
person, or (3) documentary proof, such as a judgment, that contains sufficient
information to establish the existence of a prior conviction and the
defendant’s identity as the person convicted.  Id. at 921–22; Littles
v. State, 726 S.W.2d 26, 28 (Tex. Crim. App. 1984).

          Here, the State used the
third method to establish the prior conviction by admitting Coleman’s pen
packet, which included the judgment from his prior conviction.  Coleman argues
that, without testimony that his fingerprints are the same as the fingerprints
in the pen packet, the pen packet is insufficient evidence to sustain the
enhancement.  He relies on the rule that certified copies of the judgment and sentence
are insufficient by themselves to connect the defendant to the prior
convictions, even when the name on the prior conviction is the same as the
defendant’s name.  See Beck v. State, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986).  While this is correct, Coleman fails to recognize the rule that
photographs, especially when coupled with a physical description, can
sufficiently connect the defendant to the prior conviction.  Littles,
726 S.W.2d at 32; Flowers, 220 S.W.3d at 925; Simms v. State, 848
S.W.2d 754, 756 (Tex. App.—Houston [1st Dist.] 1993, pet. ref’d); Spaulding
v. State, 896 S.W.2d 587, 591 (Tex. App.—Houston [1st Dist.] 1995, ­­­­­­no
pet.).  Here, the pen packet contained front and side photographs and a
physical description of the person convicted.  The trial court had the ability
to look at the photographs, compare them to Coleman’s physical appearance, and
come to the conclusion that the photos depicted Coleman.  See id. 
Additionally, the pen packet contained a physical description of the convicted
person, including his height, weight, hair, and eye color, that the court could
compare to Coleman’s physical features.  Flowers, 220 S.W.3d at 925; Spaulding,
896 S.W.2d at 591.  Thus, the evidence supports the enhancement, even without
testimony that the fingerprints in the pen packet matched Coleman’s.




Conclusion

We hold that the evidence
is legally and factually sufficient to support the enhancement.  We therefore
affirm the trial court’s judgment.

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Judges Taft, Bland,
and Sharp.

Do not publish.  Tex. R. App. P. 47.4

 









[1] Coleman was previously convicted under the name
Anthony Harrison, which he admitted was his real name during the punishment
phase of the trial in this case.