# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00437-CV

**Maria Esther Ozuna, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

## FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT NO. A-07-0198-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Maria Esther Ozuna appeals from the trial court's final decree terminating her parental rights to four of her children, M.E.R., J.M.R., T.D.O., and P.D.O. At the time of trial in February 2009, M.E.R. was ten, J.M.R. was nine, T.D.O. was six, and P.D.O. was five. The Texas Department of Family and Protective Services first became involved with Ozuna and her children in 2001, after receiving a report of sexual abuse. That allegation was investigated and closed with a disposition of "Ruled Out" and was followed by two other allegations in 2002 and one in 2006, which were also closed with dispositions of "Ruled Out" or "Unable to Determine." In July 2006, the Department took possession of Ozuna's youngest daughter, A.O., who was not a part of this proceeding, and placed her with a relative. The four children who are the subject of this proceeding were left in Ozuna's care, and Ozuna signed a safety plan agreeing to cooperate with the Department. In July and August 2007, the Department received reports that Ozuna was neglecting the

four children; allowing her brother, a registered sex offender, to care for them; using illegal drugs; and hitting the children. The Department conducted an investigation and took possession of the children in August 2007. The Department could not locate the father of M.E.R. and J.M.R. but averred that he had recently been arrested for failing to register as a sex offender. The father of A.O., T.D.O., and P.D.O. had been convicted twice of assaulting a family member and once of sexual assault of a child and, at the time the children were removed, was incarcerated for the most recent assault, which was against Ozuna, and the sexual assault; he was still incarcerated at the time of the final hearing.

In June 2009, the trial court held a final hearing. A Department caseworker testified that Ozuna had a long history of being involved with men who physically abused her, often in the presence of the children. The caseworker testified that exposure to domestic violence is harmful to children because they learn that abuse is normal and expected. Ozuna's husband, the father of her youngest three children, was convicted of and imprisoned for abusing Ozuna. After his incarceration, she became involved with another abusive man and then lied to the Department about the relationship, insisting they were just friends. The caseworker stated that Ozuna's continuing involvement in abusive relationships led the Department decide to seek termination instead of reunification because Ozuna would be unable to protect the children if she was unwilling or unable to extricate herself from abusive relationships. The caseworker also testified that although Ozuna initially made progress in meeting the Department's requirements, about six months before the final hearing, she stopped informing the Department when she changed jobs, lied about her address, stopped paying $50 a month in required child support, and stopped visiting, calling, or writing to the

2

children. Because Ozuna lied about her address, the Department was never able to conduct a safety review of the house she was renting at the time of trial. Ozuna was terminated from parenting training, substance abuse counseling, and individual counseling, although she later completed parenting training through a different provider and obtained a sponsor for and worked through a Twelve Step program. Finally, the caseworker testified that Ozuna lied to the Department about her brother having access to the children and that the Department learned that they had in fact been left in his care, including overnight; the Department did not, however, find evidence that Ozuna's brother had abused the children.

After their removal, the children stated that Ozuna had left them alone without enough food, and the two older girls alleged that they had been sexually assaulted by Ozuna's husband, the father of A.O., P.D.O., and T.D.O. The therapist for M.E.R. and J.M.R. testified that the girls displayed behavior consistent with having been sexually abused. In April 2008, M.E.R. told her therapist that she did not want to see Ozuna anymore, explaining that the visits made past issues resurface; the Department ceased visitation between M.E.R. and Ozuna. M.E.R. and J.M.R. wrote therapeutic letters to Ozuna in which they stated that they loved her but wanted her to change and take care of them instead of caring more about the men she was dating. The older girls' therapist and the Department caseworker testified that the children's self-esteem and behavior had improved since their removal and that termination and adoption was in their best interests.

Ozuna admitted to a long history of being physical abused, starting when she was a child. She also testified that she was repeatedly sexually abused by her stepfather as a child and once as an adult by her uncle. She testified that although she had made bad choices in her past, she had

3

learned how to make better choices and that she was a good person and a good parent. Ozuna admitted that both fathers of her children were physically abusive, sometimes in the presence of the children, as was her last boyfriend, with whom she broke up two weeks before the final hearing. She admitted that she lied to the Department about her boyfriend, explaining that she knew the relationship was a bad one. She said she broke off communication with the Department and the children to protect herself from the pain of having the children removed. Ozuna testified that she was supporting herself as a nurse's assistant, was renting a house that was safe and appropriate for children, had her own transportation, and was healthy and independent.

At the conclusion of the evidence, the trial court stated that this was a very difficult case but that the evidence weighed in favor of termination. The court signed an order terminating Ozuna's parental rights, as well as the parental rights of the children's fathers. The court found that there was clear and convincing evidence that termination was in the children's best interests and that Ozuna placed or allowed the children to remain in conditions that endangered their well-being, placed or allowed the children to remain with people who engaged in conduct that endangered the children's well-being, failed to support the children during a one-year period ending within six-months of the filing of the petition, constructively abandoned the children for at least six months, and failed to comply with a court order established to regain custody of the children. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (F), (N), (O), (2) (West Supp. 2009).

Ozuna filed a notice of appeal and statement of points on appeal, complaining that the evidence was insufficient to support the expressed statutory grounds for termination, as well as the trial court's finding that termination was in the children's best interests. On appeal, however,

Ozuna's appellate attorney has filed a brief stating that, after a thorough review of the record, he has concluded that the appeal is frivolous.[1] The brief presents a thorough and professional evaluation of the record discussing and demonstrating why there are no arguable grounds for reversal.[2] A copy of the brief was delivered to Ozuna, who has neither sought other counsel nor filed a pro se brief. The Department filed a letter response stating that it had reviewed the record and agreed that the evidence is sufficient and that there are no arguable grounds for reversal.

We have conducted our own review of the record and agree that the appeal is frivolous. We therefore affirm the trial court's decree of termination. We grant counsel's motion to withdraw as attorney of record.

_____

David Puryear,  Justice

Before Justices Patterson, Puryear and Henson

Affirmed

Filed:  May 7, 2010

_____

[1] Ozuna's attorney argues that the evidence is insufficient to support a finding that Ozuna failed to support the children for a year before the Department's petition was filed. However, because the evidence is sufficient to support the other grounds, the attorney concluded there was no harm in the trial court's including that ground in its termination decree. We agree.

[2] This and other Texas courts have held that it is appropriate in a parental termination case to file a brief asserting that the appeal is frivolous. *See, e.g.*, *Matthews v. Texas Dep't of Protective & Regulatory Servs.*, No. 03-04-00184-CV, 2005 Tex. App. LEXIS 1231, at *2 (Tex. App.—Austin Feb. 17, 2005, no pet.) (mem. op.); *In re D.E.S.*, 135 S.W.3d 326, 329 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *In re K.D.*, 217 S.W.3d 66, 67 (Tex. App.—Houston [1st Dist.] 2003, no pet.).