



## MEMORANDUM OPINION

No. 04-10-00383-CR

Justin **TONEY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2009CR5360
Honorable Mary D. Roman, Judge Presiding

Opinion by:    Rebecca Simmons, Justice

Sitting:    Phylis J. Speedlin, Justice
Rebecca Simmons, Justice
Steven C. Hilbig, Justice

Delivered and Filed:  May 18, 2011

AFFIRMED

Appellant Justin Toney appeals his convictions for murder and failure to stop and render

aid.  Toney argues that he received ineffective assistance of counsel because his trial counsel: (1)

failed to file a motion to suppress the results of drug tests; (2) failed to preserve error regarding

his offer of the Texas Drivers Handbook; and (3) argued contrary theories of the case during the

guilt/innocence and punishment phases of the trial.  We affirm the trial court's judgment.

## BACKGROUND

On July 19, 2008, Toney was driving eastbound on Guadalupe Street and nearly collided with a marked police car driven by Officer James Caviness. Officer Caviness attempted to pull over Toney's vehicle, but Toney refused to stop. Instead, a high speed pursuit ensued through the neighborhood. When Toney attempted to drive through the intersection of South Zarzamora Street and Colima Street, he crashed into Daniela Marisol Reyes Sepulveda's vehicle. Ms. Sepulveda's father, Ramiro Ruben Sepulveda, who was also in the car, was killed.

After the crash, Toney exited the vehicle and began to run. The police eventually caught up with Toney and arrested him. Officer Anthony Elias took Toney into custody. Toney was transported to University Hospital and tested for drugs and alcohol. Officer Adrian Owens, a drug recognition expert with the San Antonio Police Department, conducted several drug tests and concluded that Toney did not have the normal use of his physical and mental facilities due to use of alcohol, cocaine, and marijuana. Joann Minnick, a University Hospital nurse, also conducted a blood test on Toney. The drug tests revealed the presence of alcohol, marijuana, and cocaine in Toney's blood.

Toney was found guilty of the offense of murder, manslaughter, and failure to stop and render aid. The jury imposed sentences of forty years, twenty years, and ten years, respectively. The trial court set aside the manslaughter conviction on double jeopardy grounds and sentenced Toney in accordance with the jury verdicts for murder and failure to stop and render aid.

## INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

To establish ineffective assistance of counsel, an appellant must show that defense counsel's assistance "fell below an objective standard of reasonableness" and thereby prejudiced

appellant's defense. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984); *accord Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). To make this showing, the appellant must prove that defense counsel's performance was (1) deficient, and (2) that the deficient performance prejudiced the appellant. *Strickland*, 466 U.S. at 687; *Thompson*, 9 S.W.3d at 812.

When reviewing an ineffective assistance claim for deficient assistance, we look to "the totality of the representation and the particular circumstances of each case." *Thompson*, 9 S.W.3d at 813. A claim of ineffective assistance of counsel "must be firmly founded in the record" and we must review the claim against "a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* We, therefore, review allegations of ineffective assistance with a high deference to trial counsel's actions.[1] An appellant must defeat the strong presumption that defense counsel's conduct fell within the wide range of reasonable professional assistance. *Thompson*, 9 S.W.3d at 813. To do so, the "record must affirmatively demonstrate the alleged ineffectiveness." *Id.* In many cases, such as this one, the trial record alone is not sufficiently developed for review of an ineffective assistance of counsel claim. *See id.* at 813–14; *Hill v. State*, 303 S.W.3d 863, 879 (Tex. App.—Fort Worth 2009, pet ref'd). Thus, direct appeal is usually not an effective means to raise an ineffective assistance of counsel claim because the record is generally undeveloped. *Thompson*, 9 S.W.3d at 813–14.

To establish prejudice, the appellant must show that there is a reasonable probability that absent defense counsel's unprofessional errors, the outcome of his trial would have been different. *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (quoting *Strickland*,

---

[1] *See Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007); *Garcia v. State*, 308 S.W.3d 62, 66 (Tex. App.—San Antonio 2009, no pet.).

466 U.S. at 694). A reasonable probability means that there is sufficient probability "to undermine confidence in the outcome" of the trial. *Id.* (quoting *Strickland*, 466 U.S. at 694).

## B. Failing to File a Motion to Suppress the Blood Test and Drug Evaluation Results

Toney argues that trial counsel was deficient by failing to file a pre-trial motion to suppress the results of the drug tests. "It should be noted that trial counsel's failure to file pretrial motions generally does not result in ineffective assistance of counsel." *Hill*, 303 S.W.3d at 879; *see Magic v. State*, 217 S.W.3d 66, 74 (Tex. App.—Houston [1st Dist.] 2006, no pet.). To show that trial counsel was ineffective by failing to file a motion to suppress, the appellant must prove that the trial court would have granted the motion. *Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998); *Magic*, 217 S.W.3d at 74. Toney argues that a motion to suppress would have been granted because the drug tests were conducted in violation of his Fourth Amendment rights. However, Officer Elias testified that Toney volunteered to give a blood sample when he was at University Hospital. No evidence supports that Toney's consent to the drug tests was coerced when the tests were performed. *See Rayford v. State*, 125 S.W.3d 521, 529 (Tex. Crim. App. 2003) (concluding that appellant's consent to a blood test at the hospital was voluntary because there was no evidence that the atmosphere at the hospital was coercive or threatening at the time his consent was requested).

Toney argues that his consent was not voluntarily given because Officer Elias had assaulted him in the patrol car. After Toney was apprehended, Officer Elias told him that he was going to the hospital for testing. Officer Elias also informed him that he had just killed someone. Toney responded by stating: "Fuck you and fuck him." Angered by Toney's indifference to killing the victim, Officer Elias got in the back seat of the police car and shook Toney by his shirt. After a second officer intervened, Officer Elias backed off. After this incident, Toney was

taken to the hospital. Nothing in the record supports that, while at the hospital, Toney's consent was coerced. *See id.*; *see also Jones v. State*, 255 S.W.3d 772, 777–78 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Toney did not allege ineffective assistance of counsel in a motion for new trial. Therefore, no record was developed as to trial counsel's reasons for not filing a pre-trial motion to suppress. Toney's trial counsel could have concluded that there was no basis for a motion to suppress because Toney had volunteered to take the drug tests and thereby consented to them. *See Rayford*, 125 S.W.3d at 529. Without evidence in the record to affirmatively establish deficient performance and without a showing that the trial court would have granted a motion to suppress, Toney is unable to satisfy either prong of *Strickland. See Thompson*, 9 S.W.3d at 812–14; *Jackson*, 973 S.W.2d at 957.

## C. Failing to Preserve Error Regarding the Texas Drivers Handbook

Toney argues that trial counsel was ineffective because he attempted to offer the entire Texas Drivers Handbook, and when it was not admitted, he failed to make an offer of proof. Trial counsel argued that the law contained in the Handbook is relevant to show that Detective Caviness, rather than Toney, was at fault for the near collision of their vehicles, and that, as a result, Detective Caviness had no reason to pull him over. The State argues only that Toney has not shown prejudice.

Because Toney did not file a motion for new trial arguing ineffective assistance of counsel, there is no record to affirmatively demonstrate that trial counsel was deficient. *See Thompson*, 9 S.W.3d at 813; *Hill*, 303 S.W.3d at 879. But even assuming that Toney's trial counsel was deficient in not preserving error through an offer of proof, Toney has not sufficiently shown prejudice. According to Toney, the sole purpose of introducing the Texas

Drivers Handbook was to prove that Detective Caviness was legally at fault for making a left turn in front of Toney and almost causing a collision. However, the Texas Drivers Handbook only makes recommendations for safe driving and "is not intended to be an official legal reference to Texas traffic laws." *Mahaffey v. State*, 316 S.W.3d 633, 643 (Tex. Crim. App. 2010) (Keller, P.J., dissenting) (quoting TEX. DEP'T OF PUB. SAFETY, TEXAS DRIVERS HANDBOOK INTRODUCTION (2008)). And even without the Texas Drivers Handbook, Toney was capable of arguing the relevant provisions of the Texas Penal Code at trial to show Officer Elias's fault. Thus, Toney has not shown that any deficiency in trial counsel's performance prejudiced him as required by *Strickland*. *See Strickland*, 466 U.S. at 687; *Thompson*, 9 S.W.3d at 812.

## D. Arguing Contrary Theories

Toney next argues that trial counsel was deficient by arguing that Toney was not the driver of the vehicle during the guilt/innocence phase, and later asserting that Toney was the driver during the punishment phase. Toney further argues that because trial counsel asked him infront of the jury whether he (counsel) could continue to assert the defensive theory that Toney was not the driver, the question conveyed a message to the jury that trial counsel did not want to make such an argument and thereby cast doubt on his belief in Toney's case.

A reviewing court "must presume that counsel is better positioned than the appellate court to judge the pragmatism of the particular case." *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Brink v. State*, 78 S.W.3d 478, 487 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Because there is no record of trial counsel's reasons for pursuing such an argument and tactic, we will not speculate about trial counsel's strategic judgment. *See Thompson*, 9 S.W.3d at 813; *Badillo v. State*, 255 S.W.3d 125, 129 (Tex. App.—San Antonio

2008, no pet.). Trial counsel could have decided to state that Toney was the driver of the vehicle because he determined that the jury, by convicting Toney of murder and failure to stop and render aid, rejected the defensive theory that Toney was not the driver. Therefore, Toney has failed to show that trial counsel was deficient. *See Strickland*, 466 U.S at 687; *see also Jagaroo v. State*, 180 S.W.3d 793, 800 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd).

## CONCLUSION

Because Toney has not shown ineffective assistance of counsel with corresponding prejudice, we affirm the judgment of the trial court.

Rebecca Simmons, Justice

DO NOT PUBLISH